FILED
JUN - 7 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____________ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE BARBARA L. MAJOR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAAC FAIR,<br>COLE GASPER,<br><br>Defendants. | Case No.: 22CR1253-JO<br>Mag. No.: 22MJ1670BLM<br><br>MATERIAL WITNESS DEPOSITION ORDER |

ORDER

Upon request of material witness(es) JONY RUBYSEL PEREZ-VAZQUEZ, LUIS LORETO-ARMENTA and ARCENIO GUZMAN-GUZMAN, hereinafter "material witness(es)" and his/her/their counsel JONATHAN DAVID FRANK, and good cause appearing:

1. The material witness(es) being held in custody in case number ________________ and 22MJ1670BLM shall be deposed by June 27, 2022 at 10 A. M. The deposition will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

2. All parties, meaning the United States and the defendant(s), shall attend the material witness deposition(s). The arresting agency shall bring the material witness(es) to the deposition(s). If, in custody, the defendant(s) shall be brought separately to the depositions(s) and a marshal shall remain present during the proceeding. If a defendant is not in custody and is not present, the defendant's appearance shall be made in absentia by his attorney of record.

3. The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28USC§1827(2)), to be present for the material witness(es). The cost of the interpreter for the material witness(es) shall be borne by the United States Attorney's Office.

4. If a defendant or defendants, represented by counsel appointed under the Criminal Justice Act ("CJA"), need an

interpreter other than the interpreter for the material witness(es)(if any), then defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28USC§1827(2)), to be present. The cost of a separate interpreter for the defendant(s) shall be paid with CJA funds. Interpreters procured by Federal Defenders of San Diego, Inc. are paid with its funds.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be recorded by video recording, meaning method that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es) or any party may elect to have the witness(es) review the video record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness(es), delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17

below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to video the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements of counsel. The witness(es), or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objection shall be considered by the Court in ruling on the admissibility of the video record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8. The deposition shall be recorded in a fair, impartial and objective manner. The video equipment shall be focused on the witness(es); however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness(es).

9. Before examination of the witness(es) begins, the Assistant U. S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness(es); the identify of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness(es) on the record. Prior to any counsel beginning an examination of the witness(es), that counsel shall identify himself/herself and his/her respective client on the record.

10. Once the deposition begins, the operator shall not stop the video recorder until the deposition concludes, except that, any party or the witness(es) may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it is resumed. If the deposition requires use of more than one media, the operator shall sequentially identify on the record the end and beginning of each media.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time.

The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

12. The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the video deposition shall be attached to the video record.

14. At the conclusion of the deposition, any objection, including the basis, to the release of the material witness(es) from custody shall be stated on the record. If there is no objection, the attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness(es)" and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody the attorney for the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

15. The operator shall provide a copy of the video deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator shall deliver the original video to the notary along with a certificate signed by the operator attesting that the

video is an accurate and complete record of the video deposition. The operator shall then deliver the video to the notary along with a certificate signed by the operator attesting that it is an accurate and complete recording of the deposition. The notary shall file the original media and certification with the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witness(es) and the date of the deposition.

16. The notary shall file with the Clerk of Court in a sealed envelope the original video, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness(es), and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. If all counsel stipulate on the record, the Government may maintain the original video until production is ordered by the Court or requested by any party.

17. Unless waived by the parties, the notary shall give notice to all parties of the filing of the video deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

18. If any party objects on the record to the release of the material witness(es) from custody, the objecting party

must request in writing a hearing on the issue before the federal judge who is assigned to the case or to such other district judge or magistrate judge as they may designate. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy of chambers. The Court will set a briefing schedule if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material witness(es), the material witness(es)' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witness(es) from custody, the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.

IT IS SO ORDERED

DATED:

JUDGE OF THE UNITED STATES DISTRICT COURT